Copy mailed to ~~attorneys for parties~~ pltf by the Court pursuant to Rule 77 (d) Federal Rules of Civil Procedures. 11/4/05
cc: Warden
AAG Finkelmeyer

U.S. DIST. COURT EAST DIST. WISC.
FILED
NOV - 4 2005
AT_____O'CLOCK_____M
SOFRON B. NEDILSKY

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMES A. TAYLOR,

    Plaintiff,

v.                                               Case No. 05-C-1110

OFFICER ECKSTEIN, OFFICER DELUE,
and GREG OSTERN,

    Defendants.

## DECISION AND ORDER

Plaintiff, James A. Taylor, who is incarcerated at the Wisconsin Resource Center, lodged a *pro se* civil rights complaint under 42 U.S.C. § 1983. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*. The plaintiff has paid an initial partial filing fee of $8.73 as the court ordered on October 21, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989);

*Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). Therefore, the court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the

2

grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley*, 355 U.S. at 47); *see also Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for *pro se* prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Thomson*, 362 F.3d at 970.

The alleged events giving rise to the plaintiff's claims all occurred while the plaintiff was incarcerated at the Oshkosh Correctional Institution ("OCI"). Defendants, Officer Eckstein and Officer DeLue, managed the "closed living center" at OCI. (Complaint at p. 2.) Defendant Greg Ostern, a fellow inmate at OCI, was a registered sex offender at the OCI. According to the complaint, the plaintiff was sexually assaulted by defendant Ostern while they were housed in the same living center. Plaintiff submits that on July 23, 2005, Ostern "grooped [sic], fondled, and sexually assaulted [him]; (without consent)" while he was in a drug induced "heavy sleep." (Complaint at pp. 2 and 3.) Ostern attempted to sexually assault the plaintiff again when he confronted Ostern about the first sexual assault. (Complaint at p. 3.)

The plaintiff contends that defendants Eckstein and DeLue assisted Ostern in "utilizing his predatorial tactic's [sic] enabling him to pick individuals with the characteristics of young boy's [sic] between the ages of (17) and approximately (24); [sic] in is attempt to sexually assault them." (Complaint at p. 2.) According to the "summary brief" portion of the letter filed along with the complaint, the plaintiff contends that Eckstein and DeLue "fullfilled [sic] the personal requests of Greg Ostern to move individuals around the institution to where Greg Ostern would sexually assault them . . . . Idealy [sic] Greg Ostern 'groomed' young looking [sic] and impressionable inmates, then the staff would arrange for that inmate to be moved and celled up with Greg Ostern." In addition, the plaintiff asserts that Eckstein and DeLue

3

provided "an environment where defendant Ostern was able to maximize his predatorial tactic's [sic] (Complaint at p. 2) and "participated in the premature movement(s) of the defendant Ostern's [sic] targets fully aware of his previous convictions of soliciting young individual(s)." (Complaint at p. 4.)

As a result of the defendants' actions, the plaintiff states he now "suffers from nightmares, loss of appetite, loss of weight, Diarrhoea [sic] sickness, loss of sleep, random sweating, high anxiety, harassment from the prison population, flashbacks, insecurity, fear, discomfort, and paranoia among other symptoms." (Complaint at p. 3.) The plaintiff contends that he has been diagnosed with post traumatic stress disorder and "Hypervigilence." (Id.)

Although the complaint identifies four "causes of action," a reading of the complaint establishes one claim: the defendants failed to protect the plaintiff from harm. Such claims have as their source the Eighth Amendment's Cruel and Unusual Punishment Clause, which places on prison officials the duty to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). This duty obligates prison officials "to protect prisoners from violence at the hands of other prisoners." *Id.* at 833. To state a failure to protect claim, a plaintiff must allege that (1) "he is incarcerated under conditions posing a substantial risk of serious harm," and (2) defendant-officials acted with "deliberate indifference" to that risk. *Id.* at 834.

To satisfy the first prong of a failure to protect claim, a plaintiff must assert "not only that he or she experienced, or was exposed to, a serious harm, but also that there was a substantial risk beforehand that serious harm might actually occur." *Brown v. Budz*, 398 F.3d 904, 910 (7th Cir. 2005). Thus, the question under the Eighth Amendment is whether prison

4

officials exposed an inmate to a "sufficiently substantial 'risk of serious damage to future health.'" *Farmer*, at 843 (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). In analyzing the "substantial risk standard" the Court of Appeals for the Seventh Circuit has recognized that "'it is possible to state a claim on the basis of a guard's knowledge that a particular inmate poses a heightened risk of assault to the plaintiff.'" *Brown*, 398 F.3d at 911 (quoting *Weiss v. Cooley*, 230 F.3d 1027 (7th Cir. 2000)).

As for the second prong of the failure to protect claim, a plaintiff must establish a prison official's deliberate indifference to that substantial risk of harm. *Id.* at 913. A prison official cannot be held liable under the Eighth Amendment "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which an inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* (quoting *Farmer*, 511 U.S. at 838).

Here, Taylor maintains that with the knowledge of the defendants Eckstein and DeLue – both prison officials – he was sexually assaulted by a fellow inmate causing him to suffer many physical and emotional injuries. Such allegations, if proven, would satisfy both prongs of a failure to protect claim under the Eighth Amendment. Hence, the plaintiff will be permitted to proceed on this claim against defendants Eckstein and DeLue.

Inmate Ostern is names as a defendant to this action also. Ostern is a private individual, not a state actor, and the complaint contains no allegations that Ostern was acting under color of state law or that Ostern was involved in a conspiracy with state actors. *See Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir.), *cert. denied*, 119 S. Ct. 337 (1998). Therefore, the plaintiff will not be allowed to proceed on his claim against defendant Ostern who will be dismissed from the action. Therefore,

5

IT IS ORDERED that the plaintiff's request to proceed *in forma pauperis* is **GRANTED**.

IT IS FURTHER ORDERED that defendant Greg Ostern is dismissed from this action.

IT IS FURTHER ORDERED that the United States Marshal shall serve a copy of the complaint, the waiver and/or summons and a copy of this order upon the defendants pursuant to Rule 4, Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the defendants shall file a responsive pleading to the complaint.

IT IS FURTHER ORDERED that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $241.27 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

IT IS ALSO ORDERED that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed

copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 4th day of November, 2005.

BY THE COURT

C. N. CLEVERT, JR.
U. S. District Judge